Judge Owsley
deliyered the opinion of the court.*
According to the clear and obvious import of the act of 1196, concerning executions, (1 Littell, 552,) no Can be entered against a sheriff for the non-payment of any money mentioned in an execution, without a demand ithereof shall have been made of the sheriff in his, county by the creditor or some other person having a Written order from him; unless the creditor either resides in the to which the execution is directed, or names some person resident there, his agent for the purpose of receiving the
Because, therefore, no such agent is proven in the sent case to have been appointed, and the creditor is shewn to have resided in another county, it was irregular to enter judgment against the sheriff for failing to pay the money to the attorney at law, residing also in another county, up-6n his application, but without his having any written order from the creditor him to collect it.
The judgment must, therefore, be reversed with cost, the cause remanded to the Court below, and further ceedings had not inconsistent with this opinion. 1

Absent, Chief Justice Boyle